ALBERT J. GETZ

*v.*

MARY GETZ.

[Decided April 5th, 1913.]

1. In a suit for divorce on the ground of desertion this court is without jurisdiction, where it appears that the petitioner did not, nor did the defendant, reside in this state at the time the cause' of action arose, the charge being predicated upon the desertion which occurred in New York.

2. The actionable period in causes for divorce on the ground of desertion is the two years immediately preceding the commencement of the action.

3. The jurisdictional period in causes for divorce on the ground of desertion, *i. e.*, *bona fide* residence in this state "at the time the cause of action arose," terminates at the expiration of the two years next succeeding the separation.

On petition for divorce. On exceptions to master's report.

*Mr. William Hauser,* for the exceptant.

BACKES, V. C.

The parties to this suit were married in the State of New York, where they resided 'until September 6th, 1906, when the defendant deserted. The petitioner became a resident of this state in August, 1909, and has resided here ever since. His petition for divorce was filed June 11th, 1912, in which he charges that the defendant, for more than two years last past, had willfully, continuedly and obstinately deserted him. The charge is predicated upon the desertion which occurred in New York. The master reported adversely to the prayer for relief, on the ground (*inter alia*) that this court had not jurisdiction, because the petitioner did not, nor did the defendant, reside in this state at the time the cause of action arose. The exceptions to the report raise the point, and it is urged that desertion being a con-

tinuing injury, a right of action accrued to the petitioner by reason of the willful, continued and obstinate desertion of the defendant during the two years next preceding the filing of the petition, and *Myles* v. *Myles, 77 N. J. Eq.* (7 *Buch.*) *265*, and *Koch* v. *Koch, 79 N. J. Eq.* (9 *Buch.*) *24*, are submitted as sustaining this contention.

The *Myles Case* treats of the actionable period in causes where jurisdiction has been acquired in the manner indicated by the statute. This, the court of errors and appeals·declares, is the two years immediately preceding the commencement of the action, and, illustrating, says (at *p. 266*) :

"That the period of desertion must be that immediately preceding the petition is plain from the fact that if the petition left a hiatus between such period and the date of filing of the petition, such hiatus might readily represent a complete reconciliation and reunition of the parties that would entirely destroy any right to a divorce arising out of a previous desertion."

The *Koch Case* deals with the jurisdictional essential of *bona fide* residence in this state "at the time the cause of action arose," and it is plainly pointed out by Vice-Chancellor Emery that this period for the purpose. of vesting jurisdiction in this court, terminates at the expiration of the two years next succeeding the separation. He says (at *p. 30*) :

"As to adultery, one of the two causes for divorce,. residence at the time the cause of action arose by reason of a specified act, is necessarily referable to a certain time and place. Desertion, the second cause of divorce, on the other hand, being a continuous act, may or may not become a completed 'cause or ground for divorce' in New Jersey, within the second section, and the cause of action or ground for divorce under the New Jersey statute—desertion for two years does not arise until the termination of two years. But in both cases, it is the intention of the statute to refer the question of residence to a certain and fixed instant of time, and this time, in desertion cases, must, I think, be taken to be the time when the cause or ground for divorce for desertion, under the second section, is terminated and a cause of action arises upon this cause or ground for divorce. This time is the end of the two years continuous desertion, whether in this

state or elsewhere, and cannot be taken to mean the commencement of the desertion, or any other time before the termination."

Guided by the rule thus laid down, the cause of action arose in this case on September 6th, 1908, at a time when neither of the parties was a resident of this state, so far as the evidence, necessary for a divorce, shows.

Subdivisions "a" and "b" of sections 6 and 7 of the Divorce act confer jurisdiction:

"(*a*) When, at the time the cause of action arose, either party was a *bona fide* resident of this state, and has continued to be down to the time of the commencement of the action, except that no action for absolute divorce shall be commenced for any cause other than adultery, unless one of the parties has been for the two years next preceding the commencement of the action a *bona fide* resident of this state.

"(*b*) When, since the cause of action arose, either party has become, and for at least two years next preceding the commencement of the action has continued to be, a *bona fide* resident of this state; provided, the cause of action alleged was recognized in the jurisdiction in which such party resided at the time the cause of action arose, as a ground for the same relief asked for in the action in this state."

To accede to the proposition of the exceptant would be to regard the provisions of subdivision "b" a piece of legislative supererogation, as in instances where the parties were non-residents at the time the marital offence was committed. *Sawtell v. Sawtell, 17 Conn. 284.*

I agree with the master that the petitioner was not a *bona fide* resident of this state *at the time the cause of action arose,* and therefore the exceptions must be overruled.