BARBARA A. FLYNN, appellant,

*v.*

JOSEPH A. FLYNN, JR., respondent.

[Submitted July 6th, 1914.   Decided November 16th, 1914.]

In a suit for divorce on the ground of desertion—*Held*, that the pe-
titioner was not a *bona fide* resident of this state "at the time the cause
of action arose," within the meaning of the jurisdiction clauses of the
Divorce act of 1907 (*Comp. Stat. p. 2021*).   *Getz* v. *Getz, 81 N. J. Eq.
465*, followed.

On appeal from a decree of the court of chancery advised by
Advisory Master Clarence S. Biddle, who filed the following
conclusions:

The desertion commenced in the State of New York in Au-
gust, 1904.   After this the petitioner lived with her mother in
that state until the latter's death in August, 1908, when she re-
moved to the State of New Jersey.

The jurisdictional fact stated by the master that the peti-
tioner was a *bona fide* resident of this state when the cause of
action arose cannot be sustained.   *Koch* v. *Koch, 79 N. J.
Eq. 24.*

The petition should be dismissed.

Further depositions having been taken on order therefor, the
following memorandum was filed:

The additional testimony is to the effect that shortly before
the petitioner became a resident of this state the defendant said
that if the petitioner would leave her folks and live elsewhere
than in the city of Brooklyn, or would live "out of the state," he
would support her.   I do not understand that the husband and
wife agreed to live separate until the wife got ready to live out
of the State of New York; and there is no indication that the
wife gave assent to the husband's previous desertion, and after

taking up her residence in this state, notified him of that fact and called upon him to fulfill his part of the agreement. The most favorable light in which the situation can be viewed from the wife's standpoint (and I think the true one) is, that the husband did not arrest the period of desertion by such display of mental attitude.

It is clear to me that the solicitor is dissatisfied with *Koch* v. *Koch,* *79 N. J. Eq. 24.* Since the former memorandum in this case, the court has decided *Getz* v. *Getz, 81 N. J. Eq. 465.* It does not appear to me to be becoming to further agitate the point in this court; but the petitioner if aggrieved must resort to her appeal.

The clerk is directed to dismiss this petition at once.

*Messrs. Teeple & Unger,* for the appellant.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Advisory Master Biddle.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, TERHUNE, HEPPENHEIMER, WILLIAMS—14.

*For reversal*—None.