MARGARET BERGER, petitioner,

v.

LEON BERGER.

[Decided October 25th, 1918.]

1. Where the desertion took place in New York and at the time of the expiration of the two years the husband was and had been for some time a resident of this state and continued to be down to the time of the filing of the petition, and had been for two years next preceding the filing of the petition and was personally served with process, the jurisdiction of the court is complete to grant a divorce upon the ground of desertion, although the petitioner never was a resident of this state.

2. A mere suspicion that a deserting spouse might have been justified in leaving, it not appearing that petitioner had committed a matrimonial offence which would justify defendant leaving and staying away, is not sufficient to justify denial of decree.

On exceptions to master's report.

*Mr. S. Sidney Silver,* for the petitioner.

LANE, V. C.

The suit is for actual desertion. At the time the desertion commenced the parties were resident in New York. The defendant husband, almost immediately after the desertion, removed to New Jersey and has since that time continuously resided within this state. The petitioner is not and never has been a resident of this state. At the time the cause of action accrued, to wit, two years after the initial desertion, the defendant was a resident of this state and he had been a resident of this state for the two years next preceding the filing of the petition. The special master reported adversely to a decree upon the ground "that the cause of action arose in the State of New York, a jurisdiction in which the cause of action for which this suit is brought, namely, desertion, is not recognized as a ground for the same relief (absolute divorce) sought in this suit in New Jersey. Section 6, of subdivision (b) of the Divorce act of 1907, therefore forbids the granting of a divorce here."

Section 6 of the Divorce act, revision of 1907 (*2 Comp. Stat. p. 2021*), vests jurisdiction in this court to grant decrees where personal service of process is obtained upon the defendant within the state, "(a) When, at the time the cause of action arose, either party was a *bona fide* resident of this state, and has continued so to be down to the time of the commencement of the action, except that no action for absolute divorce shall be commenced for any cause other than adultery, unless one of the parties has been for the two years next preceding the commencement of the action a *bona fide* resident of this state." "(b) When, since the cause of action arose, either party has become, and for at least two years next preceding the commencement of the action has continued to be, a *bona fide* resident of this state; provided the cause of action alleged was recognized in the jurisdiction in which such party resided at the time the cause of action arose, as a ground for the same relief asked for in the action in this state." If the cause of action

arose at a time when the defendant was a resident in this state, then subdivision "a" applies and the jurisdiction is complete.

In *Koch* v. *Koch, 79 N. J. Eq. 24,* Vice-Chancellor Emery held that a cause of action for divorce upon the ground of desertion did not accrue until after the expiration of two years after the initial desertion. This was followed in *Getz* v. *Getz, 81 N. J. Eq. 465,* and approved by the court of errors and appeals in *Flynn* v. *Flynn, 83 N. J. Eq. 690; Orens* v. *Orens, 102 Atl. Rep. 436; 88 N. J. Eq. 29.*

The cause of action, therefore, arose at a time when one of the parties was a *bona fide* resident of this state and the case is within subdivision a.

The master makes no specific finding upon whether the evidence that the defendant has been guilty of willful, continued and obstinate desertion for the statutory period, has been sufficiently corroborated, although he expresses doubt, and expresses an idea that the testimony shows that the defendant was justified in leaving the petitioner.

I have examined the testimony and am of the opinion that willful, continued and obstinate desertion has been shown by corroborated testimony. The defendant, immediately after leaving his wife, visited the mother of the witness Munier, who testified that defendant stated that he had left his wife and that he did not intend to live with her again; that his mother endeavored to get him to make up, but that he refused; that he (Munier) has continued to visit the defendant in New Jersey, and it is apparent from his testimony that the attitude of the defendant did not change; that on one occasion defendant wrote the mother of the witness a letter, in which defendant stated that he was going to get a divorce. The wife's testimony is to the effect that after the desertion she wrote letters to her husband asking him to come back, and that in each instance he declined, and finally wrote her that she need not write again, as her letters would be returned unopened. It seems to me that the testimony of Munier, considered as a whole, sufficiently corroborates the testimony of petitioner. With respect to the justification for defendant leaving, the opinion of the master is based upon a statement made by petitioner that at the time the

CASES IN CHANCERY, 1918.    433

89 *N. J. Eq.*    Hoover Steel Ball Co. *v.* Schafer Ball Bear. Co.

husband left he did so because he objected to petitioner's intimacy with a boarder. There is no evidence whatever from which the court can find that the defendant was, in fact, justified in leaving, and the mere suspicion that he might have *been* is not, I think, sufficient to justify denial of a decree. There is nothing shown or intimated that would lead to the conclusion that petitioner had committed a matrimonial offence which would justify defendant leaving and staying away.

The defendant was served personally with process. The exceptions will be sustained and decree *nisi* advised.