James C. Emerson Doran vs. Rachel K. Emerson Doran.

1. Divorce—Presumption That Desertion Continues Will Sustain Decree Unless it Took Place Outside of State, Where Decree on That Ground not Allowed.

Desertion as a ground for divorce once shown to exist is presumed to continue, though such presumption is not of itself sufficient as a basis for divorce where desertion is alleged to have occurred outside of the state under *Rev. Code* 1915, § 3014, unless desertion constitutes ground for divorce in the jurisdiction in which plaintiff resided when the desertion took place.

2. Divorce—How Court May Acquire Jurisdiction in Action on Ground of Desertion.

Where desertion took place outside of state, a court may acquire justisdiction of action for divorce under *Rev. Code* 1915, § 3014, by a petition alleging and proving desertion to be a cause of action in the jurisdiction in which the plaintiff resided when the desertion took place, or alleging and proving that a continuing act of willful desertion took place within the state and has continued therein for at least two years next preceding the commencement of the action under *section* 3006.

3. Divorce—Petition on Ground of Desertion Held Sufficient.

Petition *held* sufficient to allege desertion by wife, who deserted husband outside of state, continued within the state during the two years immediately prior to the commencement of husband's action.

(*May* 1, 1922.)

Rodney, J., sitting.

*J. Hall Anderson* for plaintiff.

Superior Court for New Castle County, May Term, 1922.

Divorce No. 65, March Term, 1922.

Action by James C. Emerson Doran against Rachel K. Emerson Doran. Decree nisi granted May 3, 1922.

In this case the petition alleges and the proof shows that the petitioner was married to the respondent in County Down, Ireland, September 7th, 1900; that they cohabited as husband and wife in Ireland from the time of the marriage until April, 1916; that in April, 1916, the respondent wilfully deserted the petitioner in Ireland and continued in such desertion to the commencement of this action; that on July 14, 1919, the petitioner took up his residence in the City of Wilmington, New Castle County, State of Delaware, where he has since resided and that this petition was filed on Februaty 10, 1922.

RODNEY, J. *Section* 3006 of *Revised Code* of 1915 (Uniform Act, § 3) provides:

"The causes for divorce from the bonds of matrimony shall be * * * (e) willful desertion for two years".

*Section* 3014 of *Revised Code* (Uniform Act, § 11) provides:

"When the defendant cannot be served personally within this State, and when at the time of the commencement of the action the plaintiff is a bona fide resident of this State, jurisdiction for the purpose of divorce, whether absolute or from bed and board, may be acquired by publication as hereinbefore provided, to be followed where practicable by service upon or notice to the defendant without this State, under the following conditions: * * * (b) When, since the cause of action arose, the plaintiff has become, and for at least two years next preceding the commencement of the action has continued to be, a bona fide resident of this State: Provided that the cause of action alleged was recognized in the jurisdiction in which the plaintiff resided at the time the cause of action arose, as a ground for the same relief asked for in the action in this State."

The desertion in this case is alleged and proved to have occurred in Ireland in 1916.

[1, 2] It is true that desertion as a cause of action is a continuing one—that when its existence is once shown it is presumed to continue, yet this principle is not, of itself, sufficient as a basis for the preparation of petitions in this State where the desertion is alleged to have occurred outside of this State. Jurisdiction here on the ground of desertion may be obtained in two ways where the desertion took place without this State. It may be obtained under *Section* 3014 (*supra*), in which case, there being no allegation of desertion in this State, the proviso of the Section becomes effective, and it is necessary to prove that desertion is a cause of action in the jurisdiction in which the plaintiff resided at the time the desertion took place.

Second: Jurisdiction may be acquired under *Section* 3006 (*supra*) by the application of the legal principle of the continuity of the desertion. In this case it is not necessary to allege or prove desertion to be a cause of action in the jurisdiction in which the plaintiff lived at the time the desertion took place, but it is necessary, in order to give jurisdiction to the Courts of this State, to so draw the petition as to clearly and affirmatively show that a

continuing act of wilful desertion took place within this State and has continued herein for at least two years next preceding the commencement of the action.

If the allegation of the petition does not sufficiently allege a desertion within this State, the only offense which is continued by the application of the principle of continuity, is the offense occurring in the foreign jurisdiction which makes the case here cognizable solely under *Sec.* 3014 and subject to the proviso contained therein.

[3]   In this case the petition alleges as follows:

"Your petitioner therefore avers and charges that during all of the said time in which your petitioner has been continuously a resident of the said City of Wilmington, New Castle County and State of Delaware, as aforesaid, the said defendant has been and still is guilty of wilful desertion of your petitioner, her said husband, to wit, continuously since said fourteenth day of July, A. D. 1919 and up to the present time; and your petitioner further avers and charges that the said defendant was and still is guilty of wilful desertion of your petitioner, her said husband, continuously since the said month of April A. D. 1916 and up until the commencement of this action; and your petitioner further avers and charges that the said defendant was and still is guilty of wilful desertion of your petitioner continuously for more than the two years immediately prior to the commencement of this action."

This seems to be entirely sufficient to give this Court jurisdiction.