GUSTAVE FEUERSTEIN *v.* GERTRUDE FEUERSTEIN.

(*March* 6, 1936.)

LAYTON, C. J., and SPEAKMAN, J., sitting.

*John J. Morris, Jr.,* for plaintiff.

Superior Court for New Castle County. Divorce, No. 66, March Term, 1935.

SPEAKMAN, J., delivering the opinion of the Court:

The plaintiff prosecuted this case upon the theory that, on or about the 23d day of November, 1932, and subsequent thereto down to the time of the commencement of this action, a desertion, as alleged in his petition, occurred within

this State; that during such time the defendant was a *bona fide* resident of this State; and that this case is within the jurisdiction of this Court by virtue of *paragraph (a)* of *Section* 3012 of the *Revised Code of* 1915, which provides, as follows:

"For purposes of divorce * * * jurisdiction may be acquired by personal service upon the defendant within this State, under the following conditions:

"(a) When, at the time the cause of action arose, either party was a *bona fide* resident of this State, and has continued so to be down to the time of the commencement of the action; except that no action for absolute divorce shall be commenced for any cause other than adultery or bigamy, unless one of the parties has been for the two years next preceding the commencement of the action a *bona fide* resident of this State.

"(b) When, since the cause of action arose, either party has become, and for at least two years next preceding the commencement of the action has continued to be, a *bona fide* resident of this State: Provided that the cause of action alleged was recognized in the jurisdiction in which such party resided at the time the cause of action arose, as a ground for the same relief asked for in the action in this State."

In 1907 the National Conference of Commissioners on Uniform State Laws approved and recommended for adoption a *Uniform Annulment of Marriage and Divorce Act*. The *Uniform Law* was adopted in only three States, namely, Delaware, New Jersey and Wisconsin.

The *New Jersey Divorce Act* was passed in 1907 (2 *Comp. St. N. J.* 1910, *p.* 2021 *et seq.*). By *Section* 2 thereof (*pp.* 2023, 2024) one of the causes for divorce is "wilful, continued and obstinate desertion for the term of two years." This phrase has the same meaning as "wilful desertion for two years," as contained in *Section* 3007 of the *Revised Code of* 1915 of this State.

By *Section* 6 of the *New Jersey Divorce Act* (2 *Comp. St. N. J.* 1910, *p.* 2030, § 6) jurisdiction for the purpose of

granting divorce is prescribed and defined. *Subdivisions "a" and "b"* of said *Section* 6 are identical in language with *paragraphs "a"* and *"b"* of *Section* 3012 of the said *Revised Code* of this State with the exception that the words "or bigamy" do not appear in *Subdivision "a"* of *Section* 6 of the *New Jersey Act.*

The Courts of New Jersey in considering jurisdiction under said *Subdivisions "a"* and *"b"* of *Section* 6 of the *Divorce Act* have in several cases construed the meaning of the words "When at the time the cause of action arose" and in the most recent of such cases it has been held that said words refer to a fixed time and in case of desertion which is of a continuing nature, it is the date when the cause of action first arose, that is, two years after separation.

In *Koch v. Koch,* 79 *N. J. Eq.* 24, 80 *A.* 113, both parties resided in New York at the time of the desertion and neither party became a resident of New Jersey until the expiration of more than two years thereafter. Subsequently, at the suit of the husband who was then a resident of New Jersey, it was held that the cause of action did not arise in New Jersey.

In *Getz v. Getz,* 81 *N. J. Eq.* 465, 88 *A.* 376, approved by the Court of Errors and Appeals in *Flynn v. Flynn,* 83 *N. J. Eq.* 690, 92 *A.* 645, the parties resided in New York until 1906 when the plaintiff was deserted by his wife. The plaintiff became a resident of New Jersey in 1909 and continued to reside therein up to the time of the filing of his petition in 1912. It was held that the words in the *Divorce Act*—"When * * * the cause of action arose" —referred to a fixed time and in case of desertion, which is of a continuing nature, it is the date when the cause of action first arose, that is, two years after the separation;

that the cause of action arose at a time when neither of the parties was a resident of the State of New Jersey; and therefore jurisdiction was not conferred under *Subdivision* *"a"* of *Section* 6 of the *Divorce Act.*

In *Berger v. Berger,* 89 *N. J. Eq.* 430, 105 *A.* 496, both parties resided in New York at the time of the desertion and before the expiration of the two years next following the desertion the husband removed to New Jersey and continued to reside there for more than two years prior to and up to the commencement of the action. At the suit of the wife, a nonresident of New Jersey, it was held that the cause of action accrued two years after the initial desertion, at which time the husband was a resident of New Jersey, and therefore the cause of action arose in New Jersey.

In *Stephenson v. Stephenson,* 102 *N. J. Eq.* 50, 139 *A.* 721, decided by the Court of Errors and Appeals on appeal from the Court of Chancery, the parties were residents of New York for about thirteen years following the marriage and while residing in New York the husband had never consummated the marriage. Subsequently the parties moved to New Jersey and continued to reside there for more than two years prior to the commencement of the action. There was no consummation of the marriage by the husband while the parties were residing in New Jersey. At the suit of the wife it was held that the failure to consummate the marriage in New Jersey was constructive desertion and that a cause of action arose in New Jersey.

In *Adler v. Adler,* 110 *N. J. Eq.* 381, 160 *A.* 346, 347, the parties were residents of New Jersey in 1908 when the husband deserted the plaintiff and left New Jersey. The desertion continued down to the time of the commencement of the action. The plaintiff continued her residence in New Jersey until 1917 when she moved out of the State. In

1927 she returned to New Jersey and established a *bona fide* residence therein which continued up to the time of the commencement of the action. The Master found that the desertion commenced in January 1908 and was complete in January 1910, at a time when the plaintiff was a *bona fide* resident of New Jersey, but had not continued so to be down to the time of the commencement of the action and because of the latter fact the Court had no jurisdiction. The Vice Chancellor held that the Master was correct in finding that a cause of action under the statute had arisen in January 1910 at the completion of the first two years of the desertion, but that the circumstances of the plaintiff's case were not such as permitted the acquirement of jurisdiction by publication under *Subsection "a" of Section 7 of* the *Divorce Act* (2 *Comp. St. N. J.* 1910, *p.* 2032, § 7, *subd.* (*a*), but that the circumstances of her case came quite within the express provisions of *Subsection "b"* of said *Section 7* (*page* 2032, § 7, *subd.* (*b*), and in so holding said:

> "Specifically, there is no provision in the statute (unless it is to be implied) that jurisdiction may not be acquired (by publication) over a case coming entirely within the provisions of *Subsection* (*b*), if it also appears that the petitioner was a resident of this state at the time the cause of action arose."

It is to be noted that *Section 7* of the *New Jersey Act* is substantially the same as *Section 3014* of the said *Revised Code* of this State.

The plaintiff in the present case relies upon the principle of law that desertion as a cause of action is a continuing one—that when its existence is once shown it is presumed to continue; that by his petition he clearly and affirmatively alleges that on or about the 23d day of November, 1932, the defendant did wilfully desert the plaintiff in this State, during all of which time the defendant has been continuously a resident of this State, and that said

desertion has continued up to the commencement of this action, and in support thereof he cites the case of *Doran v. Doran*, 1 *W. W. Harr.* (31 *Del.*) 568, 117 *A.* 24, 25. The opinion of the Court in the *Doran Case* is fully approved, but as an authority it has no application in the present case. In that case Doran was deserted by his wife in Ireland in 1916. In 1919 he took up his residence in this State and continued to reside here until the filing of his petition for divorce in 1922. The husband, when he came to this State with the intent to reside here, carried with him the matrimonial domicile and from that time to the time of the filing of his petition it was the duty of the wife to live and cohabit with him in this State; that her failure so to do constituted, in law, desertion within this State; and, such desertion having continued for more than two years prior to the commencement of the action for divorce, a cause of action arose within this State which gave this Court jurisdiction under *paragraph* (*a*) of *Section* 3012 of the *Revised Code of* 1915. In the *Doran Case* the Court used the following language:

"In this case it is not necessary to allege or prove desertion to be a cause of action in the jurisdiction in which the plaintiff lived at the time the desertion took place, but it is necessary, in order to give jurisdiction to the Courts of this State, to so draw the petition as to clearly and affirmatively show that a continuing act of wilful desertion took place within this State and has continued herein for at least two years next preceding the commencement of the action.

"If the allegation of the petition does not sufficiently allege a desertion within this State, the only offense which is continued by the application of the principle of continuity, is the offense occurring in the foreign jurisdiction."

The Court having held that it is necessary to allege a desertion within this State, it therefore follows that it is incumbent upon a plaintiff to substantially prove the desertion as alleged and this a plaintiff cannot do without at least showing a matrimonial domicile within this State.

 The *Common Law Rule* that a wife cannot acquire a separate domicile for the purpose of divorce on the ground . of desertion when she is the guilty party was recognized in New Jersey in the recent case of *Webb v. Webb,* 178 *A.* 282, 13 *N. J. Misc.* 439, in which the facts are similar to the facts in the present case. Suit was commenced in 1934, at which time the plaintiff, who was the husband, was a resident of New York. The parties were married in 1922 and lived in New Jersey until 1929, when the husband prepared a new home in New York where he went to live and where he thereafter resided up to the time of bringing suit. The wife, without legal justification, refused to accompany him and had thereafter resisted his efforts to resume marital relations. The defendant was personally served in the divorce action in New Jersey. The Master found as a matter of law that when the husband, in 1926, removed from New Jersey to New York and his wife, without warrant in law, refused to accompany him, her domicile, nevertheless, became that of her husband and continued to be such, and that was so despite the fact that she may have continued to reside in New Jersey; that she did not have such a separate domicile within the State of New Jersey at any time since the separation by virtue of which the Court would have any jurisdiction to decree relief for the plaintiff upon the alleged desertion.

The case of *Abele v. Abele,* 62 *N. J. Eq.* 644, 50 *A.* 686, which is also relied on by the plaintiff, does not support the plaintiff's contention. It was decided in 1901, six years before the passage of the *Divorce Act of* 1907 which materially changed the jurisdiction of the Court of Chancery in New Jersey in divorce actions.

 In the case before us the evidence shows that the desertion commenced in New York in 1929 and continued down to the commencement of this action, during all of

which time the husband resided in New York and, in accordance with the *Common Law Rule,* during such time the matrimonial domicile of the parties remained in New York. Society recognizes the obligations growing out of marriage, and the duties of the parties to cohabit as one of the incidents thereof, and we have no inclination, in the absence of a statute to the contrary, to depart from the *Common Law Rule* by recognizing the right of a wife to voluntarily establish a separate domicile so as to affect, in any way, the marital status. To hold that a wife after wilfully deserting her husband in another State could come to this State and become and continue to be a legal resident hereof and while a resident hereof be guilty of actual, constructive or continued desertion in this State, we would be holding that a wife in the exercise of her legal rights within this State was guilty of desertion within this State. We do not feel warranted in so holding.

In addition the plaintiff alleged in his petition that on or about the 23d day of November 1932 the defendant did wilfully desert the plaintiff in the State of Delaware. Having so alleged, it became incumbent on the plaintiff to support such allegation by evidence. This he did not and could not do, in view of the fact that the desertion by the wife was wilful and there never was cohabitation by the parties in this State. Without such cohabitation there could not have been either an actual or constructive desertion in this State on the date alleged because the innocent party never was a resident of this State.

The plaintiff has not shown a cause of action within the jurisdiction of this Court, and for that reason it is ordered that the petition be dismissed.