WILLIAM P. HARRINGTON *v.* GRACE E. HARRINGTON.

(*January* 25, 1937.)

LAYTON, C. J., and RODNEY, J., sitting.

*A. James Gallo* for plaintiff.

*Harry P. Joslyn* for defendant.

Superior Court for New Castle County. Divorce, No. 13, January Term, 1937.

LAYTON, C. J., delivering the opinion of the Court:

██ A defendant in a divorce proceeding, so far as rules of pleading are concerned, stands in the same position as does a defendant in any other action. He is entitled to be informed with reasonable certainty and detail of the nature of the charge brought against him.

 Wilful desertion under the statute is voluntary and unjustifiable cessation from cohabitation persisted in for the required period (*Rev. Code* 1915, § 3006 (*e*). It is direct where the defendant leaves the matrimonial domicile. It is indirect, or constructive, where his conduct is such as to compel the plaintiff to leave it.

██ Where the desertion is direct, the plaintiff can do no more than allege that the defendant, at a certain time, wilfully deserted the plaintiff and has persisted therein for the period of two years. All material averments are present and the defendant knows exactly what he is required to meet.

 Where, however, an indirect, or constructive, desertion is the basis of the charge, the usual averment in the language of the statute does not sufficiently inform the defendant of the nature of the charge. In this situation it is the plaintiff, compelled by a reasonable necessity, who actually leaves the home and interrupts cohabitation.

The pith of the charge is that the defendant has been guilty of conduct sufficient in law to justify the plaintiff in

cessation from cohabitation. The petition must allege the facts, the sins of omission or comission, so that the defendant may prepare his defense, that the evidence be confined to the issues, and that the Court may pronounce a proper judgment if the truth of the pleadings should be established. 19 *C. J.* 112; *Thomas v. Thomas* (*N. J. Ch.*), 74 *A.* 125; *Smithkin v. Smithkin*, 62 *N. J. Eq.* 161, 49 *A.* 815.

The plaintiff has leave to amend. No jurisdictional question is involved, nor will injury or disadvantage to the defendant result. See *Wenz v. Wenz*, 6 *W. W. Harr.* (36 *Del.*) 413, 177 *A.* 181.