CARRIE G. BOND *v.* VERDEN BOND.

(*December* 9, 1940.)

RODNEY, J., sitting.

*Louis L. Redding* for plaintiff.

Superior Court for New Castle County, Divorce, No. 8, November Term, 1940.

RODNEY, J., delivering the opinion of the Court:

It is, of course, true that at common law the legal domicile of the wife merged into that of the husband, as a legal consequence of the marriage. *Burkhart v. Burkhart,* 8 *W. W. Harr.* (38 *Del.*) 492, 193 *A.* 924.

Many cases have discussed the legal acquisition of a new domicile when the marriage unity has been destroyed. It is unnecessary in this case to discuss the right of a guilty spouse, after the marriage unity has been destroyed by him or her, to remove to a new jurisdiction and there acquire a domicile for purposes of divorce. Such are not

the facts in this case. Here the marriage was solemnized in Maryland in 1923, and the matrimonial domicile continued in that State until 1933, when the wife was deserted by her husband. In 1936 the deserted wife acquired a legal domicile in Delaware, where she has since resided.

■ ■ All, or substantially all, of the authorities which have come to my attention hold that upon wilful desertion of a wife by a husband she may subsequently acquire a separate domicile for herself, which is sufficient for purposes of divorce. By a desertion or abandonment the guilty spouse has destroyed the unity of the matrimonial domicile and has empowered the innocent spouse with the right to establish a separate domicile. This separate domicile carries with it the jurisdiction of the marriage status and of the interest of the parties themselves in that status. *Kennan, Residence Domicile, pages* 411, 532; 39 *A. L. R.* 710; *Ann. Cas.* 1912D, 397; *Am. Dig., Divorce,* 63 and 64; 1 *Beale Conflict of Laws, pages* 482-507.

*Feurstein v. Feurstein,* 7 *W. W. Harr.* (37 *Del.*) 414, 183 *A.* 705, is not in conflict with the foregoing view. In that case the husband, a resident of New York, was the petitioner. The court held that a wife having deserted her husband in New York could not, by removing to Delaware, acquire in Delaware such a domicile as would warrant a divorce being granted against her. In New York desertion was not a ground of divorce.