## Slavin *v.* Slavin, Appellant.

Argued April 15, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Louis Vaira*, with him *Albert G. Brown*, for appellant.

*Joseph P. Passafiume*, for appellee.

OPINION BY ARNOLD, J., July 23, 1948:

The husband-respondent appeals from a decree in divorce granted on the grounds of indignities. We have carefully read the original record and formed our independent conclusion therefrom. The decree will be affirmed.

Libellant at the time of hearing was forty-nine years of age and her husband was ten years older. They had been married twenty-eight years. She had a hotel with license in Duquesne, and worked long hours to keep the concern going. In this business the respondent had a consuming interest in only the liquid assets, resulting in disgusting exhibitions by him while intoxicated,—which was most of the time. He called the libellant vile names, abused her in the presence of customers, and generally conducted himself in an outrageous fashion. His personal habits were detestable. He was, in fact, unbearable. Libellant's testimony was corroborated in many respects. The respondent's theory was that she drove him to drink. While this has historical precedent, it has no validity here. This contested case was well and carefully tried by the able judge of the court below, who found that "the libellant was generally a credible witness . . . [and] we accept her denials that she drank to excess and was unduly friendly with men." Without his advantage of seeing and hearing the witnesses, we come to the same conclusion.

No good would be served by reviewing the rather nauseous details of his course of conduct, which un-

doubtedly rendered his wife's condition intolerable and her life burdensome. While drunkenness itself is not a ground of divorce, neither is it an excuse for mistreatment: Cf. *Cassler v. Cassler,* 95 Pa. Superior Ct. 445; *Hummel v. Hummel,* 98 Pa. Superior Ct. 1; *Martin v. Martin,* 154 Pa. Superior Ct. 313, 35 A. 2d 546. His abusive, humiliating and degrading conduct appears clearly, and the testimony fully measures up to the criteria set forth in *Ketterer v. Ketterer,* 160 Pa. Superior Ct. 22, 49 A. 2d 860; *Fogel v. Fogel,* 161 Pa. Superior Ct. 361, 54 A. 2d 844, and other cases. There is here involved no legal question, but merely the believability of the witnesses.

Decree affirmed.