MARGARET L. PFUSCH v. WILLIAM J. PFUSCH.

(*August* 4, 1950.)

WOLCOTT, J., sitting.

*Thomas Herlihy, Jr.,* for Petitioner.

Superior Court for New Castle County, Divorce, No. 112, Civil Action, 1950.

·WOLCOTT, J.:

The petitioner seeks a divorce from her husband alleging as the ground habitual drunkenness. The facts upon which the divorce is sought are substantially that the petitioner and her husband were married March 27, 1929 in Sharpsburg, Pennsylvania. Shortly after their marriage, they moved to Wilmington, Delaware, where they resided until March, 1940. In 1940, they moved to Pittsburgh, Pennsylvania, where they continued to live together until December 12, 1947, on which date the petitioner left her husband in Pittsburgh and came to Wilmington. The petitioner has resided in Wilmington since December 12, 1947 and has lived apart from her husband.

Some time in 1934, the petitioner's husband began to drink excessively and his drinking habits grew worse and worse. From the testimony produced at the hearing, I am satisfied that the facts proven support the charge that from 1934, to date, the husband can fairly be said to have been guility of habitual drunkenness as that term is used in our divorce statute. Section 3499 (f), R. C. 1935. Accordingly, at some time in 1936 or 1937, the petitioner could have presented her petition for divorce in this court and obtained a divorce on that ground.

The petitioner, however, did not present such a petition but continued to reside with the defendant even after his removal to Pennsylvania. She therefore resided with her husband for a period of at least seven years after the time when she could have, as a Delaware resident, presented her petition for a divorce on the ground of the habitual drunkenness of her husband.

It is argued by counsel for the petitioner that the cause of action for divorce on the ground of habitual drunkenness which the petitioner had prior to 1940 in Delaware has not been condoned by her continued cohabitation with him in Pennsylvania after 1940. *Egidi* v. *Egidi,* 37 *R. I.* 481, 93 *A.* 908, *Ann. Cas.* 1918 *A,* 648, is cited in support of this argument.

I am, however, not called upon to decide the question of whether or not such long term cohabitation can amount to condonation of habitual drunkenness. Habitual drunkenness as a ground for divorce under the Delaware act is required to be for a period of two years. Furthermore, that drunkenness must be continuing at the time the petition is filed and must have been in existence for the two years next preceding the filing of the petition. See *Fish* v. *Fish,* 126 *Me.* 342, 138 *A.* 477, 54 *A. L. R.* 331. It certainly cannot be supposed that, assuming the defendant to have reformed in, let us say, 1938, that the fact of his habitual drunkenness for a two-year period preceding 1938 would constitute valid grounds for divorce in this state. A cause of action for divorce on the ground of habitual drunkenness, therefore, must be considered as arising at the time of filing the petition.

Since the defendant is a resident of the State of Pennsylvania and was at the time of the filing of the petition, it follows that the cause of action, if any there be, arose within the State of Pennsylvania. This being so, jurisdiction for divorce purposes could not be obtained by this court under Section 3507 (a), R. C. 1935, which provides that jurisdiction may be obtained by service by publication when, at the time the cause of action arose, the plaintiff was a *bona fide* resident of this state. Since the cause of action which formerly arose in this state has vanished, it follows that the cause of action sought to be enforced in the pending petition must be one which arose subsequent to the removal of the parties from Delaware in 1940.

It is argued in the alternative on behalf of the petitioner that jurisdiction may be acquired under Section 3507 (b), R. C. 1935, which provides that jurisdiction for divorce purposes may be acquired "when, since the cause of action arose, the plaintiff has become, and for at least two years next preceding the commencement of the action has continued to be, a bona fide resident of this State: Provided that the cause of action alleged was recognized in the jurisdiction in which the plaintiff resided at the time the cause of action arose, as a ground for the same relief asked for in the action in this State."

The petition filed sets forth as a ground for divorce that "the said defendant has been a persistent and habitual drunkard", and that he has been guility of "habitual drunkenness for more than two years prior to the commencement of this action."

In order for jurisdicition to be acquired under Section 3507 (b), it is necessary that the ground alleged be a ground for divorce in the state in which the cause of action arose. Furthermore, a jurisdictional requirement is that the petition allege that the asserted cause is a ground in the jurisdiction in which the plaintiff resided when the offense took place. *Doran v. Doran,* 1 *W. W. Harr.* 568, 117 *A.* 24. The petition in the instant case contains no such allegation but, since a proper application would undoubtedly result in leave to amend, I will consider the matter as though the allegations of the petition were sufficient in form.

Habitual drunkenness, as such, is not a ground for divorce in the State of Pennsylvania where the parties were living at the time of the separation. *Slavin v. Slavin,* 162 *Pa. Super.* 636, 60 *A.* 2d 355. The petitioner does not argue that habitual drunkenness is a ground for divorce under the Pennsylvania act, but attempts to bring herself within another ground for divorce under the Pennsylvania statute, viz., that the defendant offered such indignities to the petitioner as to render her condition intolerable

and life burdensome. Purdon's Pa. Stat. Ann., Title 23, Sec. 10, par. 1.

Presumably, the petitioner considers the ground of habitual drunkenness in this state substantially the same as the ground of offering indignities to the person so as to make her condition intolerable and life burdensome. To maintain this petition under Section 3507 (b), it is necessary that this be so and that habitual drunkenness alone would justify the entry of a decree of divorce in the State of Pennsylvania on the ground of indignities.

No Pennsylvania case has been called to my attention in which a decree of divorce was granted on the ground of the offering of indignities to the person of the injured spouse in which the proof was solely that of habitual drunkenness. A definition of indignities under the Pennsylvania law is set out in *Martin v. Martin,* 154 *Pa. Super.* 313, 35 *A.* 2d 546, 548, as follows: "The well - established definition of indignities clearly encompasses the behavior of the respondent in this case. Indignities may consist of vulgarity, unmerited reproach, habitual contumely, studied neglict, intentional incivility, manifest disdain, abusive language, malignant ridicule, and every other plain manifestation of settled hate and estrangement. *Evans* v. *Evans,* 152 *Pa. Super.* 257, 31 *A.* 2d 590; *Wittmer* v. *Wittmer,* 151 *Pa. Super.* 362, 30 *A.* 2d 174; *Viney* v. *Viney,* 151 *Pa. Super.* 86, 29 *A.* 2d 437. The essential feature of the offense of indignities to the person is that it must consist of a course of conduct or continued treatment which renders the condition of the innocent party intolerable and his or her life burdensome. *Esenwein v. Esenwein,* 312 *Pa.* 77, 167 *A.* 350; *Davidsen* v. *Davidsen,* 127 *Pa. Super.* 138, 191 *A.* 619." See, also, *Ketterer* v. *Ketterer,* 160 *Pa. Super.* 22, 49 *A.* 2d 860; *Fogel* v. *Fogel,* 161 *Pa. Super.* 361, 54 *A.* 2d 844.

Apparently, the ground of indignities to the person, under Pennsylvania law, requires a steady course of abuse and mistreat-

ment on the part of one spouse to the other such as to make in fact continued cohabitation intolerable. Something more than mere conduct not designedly intended to make cohabitation intolerable to the other spouse is needed to constitute the ground of indignities under the Pennsylvania law. In other words, habitual drunkenness, indulged in not with any intent of animosity toward the other spouse, does not constitute indignities under the law of Pennsylvania. In *Slavin v. Slavin, supra,* in addition to the habitual drunkenness of the husband, he habitually called his wife vile names, abused her in the presence of customers and generally conducted himself in an outrageous fashion. The court states that "his personal habits were detestable. He was in fact unbearable." And again states, "no good would be served by reviewing the rather nauseous details of his course of conduct, which undoubtedly rendered his wife's condition intolerable and her life burdensome."

The result, therefore, is that the petition in the instant case is brought upon a ground not recognized as a cause for divorce in the state in which the parties were resident at the time it arose. Therefore, this court cannot grant a divorce to the petitioner on the ground of the habitual drunkenness of her husband. The petition must, therefore be dismissed, but it will be dismissed without prejudice to the petitioner.