247 A.2d 125 (1968)
D. S., Defendant Below, Appellant,
v.
J. S., Plaintiff Below, Appellee.
Supreme Court of Delaware.
September 30, 1968.
Thomas G. Hughes of O'Donnell, Hughes & Lowicki, Wilmington, for appellant.
John T. Gallagher, of Morris, Nichols, Arsht & Tunnell, Wilmington, for appellee.
WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.
*126 WOLCOTT, Chief Justice.
This is an appeal by a wife from a judgment of divorce granted on the ground of constructive desertion.
This husband and wife were married in Iowa in 1933. The husband was, and still is, employed by a large chemical company. In the course of his employment, he was required to move his home to different locations from time to time. At some time, the husband was transferred by his employer to South Carolina where he was living in the fall of 1963. At that time he was transferred to Wilmington, Delaware. The wife accompanied him to Delaware to look for a new home, but soon returned to South Carolina.
In October of 1963, in Delaware, an incident involving one of the daughters of this couple took place which was the culmination of a long series of disagreements and unpleasantries between the husband and wife. Upon the happening of the latest incident, the husband decided to seek a divorce. He consulted a South Carolina attorney and was advised he could not obtain one in South Carolina. On November 9, 1963, the parties signed a separation agreement. The wife moved from South Carolina to Delaware in June of 1964, but she and her husband have not cohabited since the execution of the separation agreement.
The wife raises three questions before us:
1. May a Delaware court grant a divorce on the ground of constructive desertion for conduct on the part of the wife, substantially all of which took place in a state where constructive desertion is not a ground for divorce?
2. Was it error for the trial judge to refuse to allow the husband to testify as to the mental condition of the wife during a certain period of the marriage?
3. Was it error for the trial judge to hold that the husband had proved a case of constructive desertion?

Question No. 1
Upon the removal of the husband from South Carolina to Delaware in the fall of 1963, both he and his wife became domiciled in Delaware. This follows from the common law rule that, upon marriage, a woman loses her domicile and acquires that of her husband, no matter where she physically resides. New York Trust Co. v. Riley, 24 Del.Ch. 354, 16 A.2d 772, aff'd. 315 U.S. 343, 62 S.Ct. 608, 86 L.Ed. 885; Bond v. Bond, 2 Terry 153, 17 A.2d 229. The common law rule is now embodied in a statute of this state, 13 Del.C. § 1702.
This husband and wife did not separate and cease cohabitation until October of 1963, when the event which broke the husband's patience took place. The decision of the husband to terminate the marriage took place well over two years before this action was filed. If the separation came about as the result of conduct of the wife of such nature as to make it impossible to continue the marriage, and if it exists for a period of more than two years, it constitutes constructive desertion under 13 Del.C. § 1522. Harrington v. Harrington, 8 W.W.Harr. 156, 189 A. 585.
We will assume in our answer to Question No. 1 that the conduct of the wife over a period of time was sufficient in law to justify the conclusion that she was guilty of constructive desertion. Making this assumption, the wife nevertheless argues that a Delaware court is without jurisdiction *127 to grant a divorce in this case because a divorce for constructive desertion on these facts would not be granted under South Carolina law in which state substantially all of the wife's inexcusable conduct took place.
The wife cites Mincey v. Mincey, 224 S.C. 520, 80 S.E.2d 123, for the proposition that South Carolina would deny a divorce for constructive desertion on the facts of this case. We do not have to decide the question, however, because we are of the opinion that this cause of action for divorce arose in Delaware.
It is to be noted that the parties were living together as man and wife, at least in the public view, at the time their domicile was moved from South Carolina to Delaware. Shortly thereafter, the separation took place by reason of their disagreement over the incident of October, 1963, involving one of their daughters. It was this disagreement and quarrel, the last in a long line of disagreeable altercations, which was the "straw that broke the camel's back" and led to the husband's decision to terminate what, in his opinion, had become an unbearable relationship.
A cause of action for divorce on the ground of willful desertion arises upon the act of desertion. Harrington v. Harrington, supra. When the desertion is constructive, the cause of action arises at the same time, i. e., the act of separation of the parties.
In Kelley v. Kelley, 4 Terry 408, 48 A.2d 381, the Superior Court held that it was without jurisdiction to grant a divorce to a wife on the ground of constructive desertion by reason of the fact that the parties, since their marriage, had resided continuously in Pennsylvania from where the wife, after leaving the marriage domicile, came to Delaware. Pennsylvania did not recognize constructive desertion as a ground for divorce, and, accordingly, Delaware was prohibited from granting a divorce on a ground not recognized in the state in which it arose. 13 Del.C. § 1525 (2). To the same effect is Livani v. Livani, 1 Storey 515, 148 A.2d 776.
It is clear from the referred-to cases that a cause of action of divorce for constructive desertion arises when all of the essentials come into being. These essentials are: (1) action by one spouse of such character as to make it unreasonable for the other spouse to continue cohabitation, and (2) the separation of the parties by action of the injured spouse. It is thus plain that no cause of action can arise until the final element, i. e., separation, occurs. In the case at bar, this final element came into being in Delaware where the parties were domiciled at the time. This being so, it follows that the Superior Court has jurisdiction over this cause under 13 Del.C. § 1525(1).
The wife cites Hoffman v. Hoffman, 94 N.J.Super. 292, 228 A.2d 87, and Fitzgerald v. Fitzgerald, 66 N.J.Super. 277, 168 A.2d 851, in support of her jurisdictional argument, but they are not in point. In both of these cases, all of the acts of the errant spouse which led to the separation took place in a state other than New Jersey, as, also, did the act of final separation. Since New Jersey has a statute similar to 13 Del.C. § 1525(2), requiring the recognition of the cause for divorce in the state of domicile at the time, the New Jersey court refused the divorce. The cases are similar to the Kelley and Livani cases.
In the case at bar, the cause of action matured upon the separation of the parties brought about by the intolerable nature of the wife's past action over a long period of time. This act took place in Delaware when they were there domiciled. Clearly, therefore, the cause of action arose in Delaware, which thereby acquired jurisdiction over this matrimonial difficulty. See 1 Nelson on Divorce (2nd Ed.), § 4.15.

*128 Question No. 2

When the husband was on the stand, he was asked in cross-examination if, in his opinion, his wife was rational at the time she did at least some of the things of which he complained. His counsel objected on the ground that it called for the expression of a psychiatric judgment, and that no defense of mental illness on the part of the wife had been interposed. The trial judge asked counsel for the wife if he was prepared to go forward with evidence to establish the defense of mental illness or inability to control her actions. Upon the answer that he was not, the trial judge sustained the objection. In point of fact, the record discloses that the wife was hospitalized twice during the marriage for a nervous breakdown, the first time in 1952 and the second time in 1961.
The wife now urges this ruling as error. However, in view of the fact that no defense in the nature of mental illness was raised in opposition, and in further view of the fact that no evidence whatsoever was offered as part of the wife's case to establish any such defense, we think it was no error for the trial judge to exclude it. The question, it seems to us, was one for the exercise of judicial discretion, particularly in view of the fact that, ordinarily, questions of this nature are addressed to qualified experts.

Question No. 3
The final question raises the sufficiency of the husband's proof in support of his case. We have read the record and will not review the facts in this opinion. Suffice it to say that, in our opinion, the husband's evidence, if accepted by the trial judge  as it obviously was  is quite sufficient to support a judgment in his favor.
The judgment below is affirmed.