## Young *v.* Young, Appellant.

*Divorce—Desertion—Evidence—Sufficiency.*

A husband is not entitled to a decree of divorce on the ground of desertion, when he abandons his home because of the alleged cruel and barbarous treatment of his wife.

It cannot be said with legal accuracy, where a wife's conduct has become so intolerable to her husband that he finds it advisable or necessary to take up another habitation, and where his wife remains in the home, which they have jointly occupied through a period of years, that the wife has wilfully and maliciously absented herself from the habitation of her husband. Statutes relating to the subject clearly distinguish the act which amounts to desertion from the conduct described as cruel and barbarous treatment or indignities to the person, and the statutory prescriptions must be followed to warrant the favorable action of the court.

Argued October 8, 1923. Appeal, No. 194, Oct. T., 1923, by respondent, from the judgment and decree of

492, (1924).]     Arguments—Opinion of the Court.

C. P. No. 5, Phila. Co., Sept. T., 1920, No. 245, on verdict for libellant, in the case of Charles W. Young v. Madeline B. Young.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Libel in divorce.   Before HENRY, P. J., 52d Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of libellant and the court granted a final decree in divorce.   Respondent appealed.

*Error assigned* was, among others, the decree of the court.

*William T. Connor,* and with him *John R. K. Scott,* for appellant, cited: Shoop's App., 34 Pa. 234; Gordon v. Gordon, 48 Pa. 236; Smith v. Smith, 4 Dis. Ct. Rep. 397; Powers' App., 120 Pa. 320; Buys v. Buys, 56 Pa. Superior Ct. 339; Heilbron v. Heilbron, 158 Pa. 297; Fay v. Fay, 27 Pa. Superior Ct. 328; Ponthus v. Ponthus, 66 Pa. Superior Ct. 257; Bortell v. Bortell, 78 Pa. Superior Ct. 201.

*Henry J. Scott,* and with him *Harry E. Apeler,* for appellee, cited: Howe v. Howe, 16 Pa. Superior Ct. 193; Hirsch v. Hirsch, 70 Pa. Superior Ct. 583.

OPINION BY HENDERSON, J., February 29, 1924:

The complainant filed a libel against the respondent for a divorce; the cause alleged being wilful and malicious desertion.   The case was tried before a jury and a verdict rendered in favor of the libellant.   The contention of the appellant at the trial was that the evidence did not support the charge of desertion and that is the question presented for consideration in this appeal.   The

parties were living together at Fairview in Montgomery County, which place had been their home for fourteen or fifteen years. The libellant left his wife and his home there about the middle of November, 1918. His statement of the occurrence is as follows: Q. Did you leave your wife? A. I did. Q. When? A. In November, 1918. Q. What time in November? A. About the 15th or 20th of November. Q. Why did you leave there? A. Because at that time, in the month of November, was the culmination of a series of unpleasantness in my life." The witness then proceeded to give a history of his married life with respect to his wife's conduct in which he charged her with having a violent temper; that she at times used profane, vulgar and insulting language to him in the presence of other persons; that she applied profane, vulgar and insulting epithets to him; that she spoke offensively of his parents and others of his relatives; that on one occasion she accused him of intimacy with other women; that during one period she drank whiskey to excess, and on many occasions exhibited a temper so violent and disagreeable that he could no longer live with her. It was not alleged that she at any time actually separated from him and abandoned her home with the intention of deserting him. The case was supported on behalf of the complainant by the application of the doctrine of what is called constructive desertion by the wife and if it can be sustained, that must be done by holding that such a cause of action is authorized by our legislation, for divorce is a statutory proceeding. Authority for a decree must be found in legislative enactment and such decree must rest on the specific terms of the enactment. The statute of March 13, 1815, gave to either married party the right to a divorce from the bond of matrimony where the other party shall have committed "wilful and malicious desertion and absence from the habitation of the other, without a reasonable cause, for and during the term and space of two years." The 5th and 6th sections of the Act of April

26, 1850, relate to jurisdiction and procedure in divorce cases and do not change the law with respect to desertion. The 5th section however contains a repetition of the definition of desertion which is the wilful, malicious and continued desertion by either of the parties from the habitation of the other without reasonable cause. No subsequent legislation has modified this designation. The 1st section of the Act of March 13, 1815, also gave to the wife the right to a divorce "when any husband shall have, by cruel and barbarous treatment, endangered his wife's life, or offered such indignities to her person, as to render her condition intolerable and life burdensome, and thereby force her to withdraw from his house and family," but it will be observed that the same right was not given to an injured husband. It was no doubt considered unnecessary to enact such a provision in his favor, the assumption being that as head of the house, he would be able to take care of himself. It was provided however in the first section of the Act of May 8, 1854, that where a wife shall have by cruel and barbarous treatment rendered the condition of her husband intolerable or life burdensome, a divorce might be granted to the injured husband, in which case the court shall allow such alimony as the husband's circumstances may admit of. This act was amended by the Act of June 25, 1895, P. L. 308, so that indignities to the person were added as a cause of divorce in favor of the husband and the granting of alimony was made to rest in the sound discretion of the trial court. Neither in the Act of 1854 nor of 1895 is there any reference to such cruel and barbarous treatment or indignities to his person by the wife as forced the husband to withdraw from his house and family, as is provided in the Act of 1815 with reference to the conduct of the husband toward the wife; nor in either of the acts where cruel and barbarous treatment or indignities to the person is made a cause for divorce is there any limitation as to time within which the libel may be filed after the wrong is done as in the case of desertion. It

nowhere appears that it was the legislative purpose to make cruel and barbarous treatment or indignities to the person the equivalent of desertion.  The causes are entirely distinct and the evidence sustaining one is of a wholly different nature from that necessary to establish the other.  We cannot regard evidence of cruelty or indignities practiced by the wife as sufficient to establish a desertion of her husband by her.  The law provides a specific remedy for a husband injured by the cruelty of his wife or by her conduct amounting to indignities to his person, and to this the injured party must appeal if he would have relief.  It cannot be said with legal accuracy where a wife's conduct has become so intolerable to her husband that he finds it advisable or necessary to take up another habitation, and where his wife remains in the home which they have jointly occupied through a period of years, that his wife has wilfully and maliciously absented herself from the habitation of her husband. The other view of the case would make it practicable in every instance where a husband had a cause for divorce because of cruelty or indignities to proceed by libel for desertion and thereby avoid the liability to which he might otherwise be subjected for the payment of alimony.  The statutes relating to the subject clearly distinguish the act which amounts to desertion from the conduct described as cruel and barbarous treatment or indignities to the person, and the statutory prescriptions must be followed to warrant the favorable action of the court.  As there is no controversy in regard to the fact that the husband abandoned his home and the wife remained there, we are unable to agree with the view of the law as entertained by the learned judge of the court below.  As long as the wife remains at the habitation and keeps the domestic flag flying, she is not subject to the charge of desertion whatever other adequate provocation she may have given to sustain a libel for divorce.

The decree is therefore reversed at the cost of the appellee.