Krebs, Appellant, *v.* Krebs.

Argued March 15, 1933. Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Arthur L. Shay,* for appellant, cited: Young v. Young, 82 Pa. Superior Ct. 492; Hess v. Hess, 105 Pa. Superior Ct. 596.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, P. J., July 14, 1933:

This is a suit in divorce, the grounds being desertion on the part of the husband. The parties were married in 1929. On two separate occasions the husband ordered his wife out of the house and compelled her to leave, but on each occasion her absence was but temporary and she came back to their common domicile at his request. On June 19, 1930 he choked his wife, who was suffering from an internal goitre, so violently as to leave marks on her neck and cause intense pain. The next day upon visiting the doctor the throat was very much inflamed. This was not the first time he used violence, but on several previous occasions he had struck her. His last attack was accompanied by the command that she should leave the home. The wife, thereupon, went to the home of her parents. The very next day, "the husband broke up the house," removed the furniture and went to live with his mother and has not communicated with his wife nor made any effort to provide a common home for himself and her.

The master recommended a decree in her favor, but the lower court refused to grant the divorce relying on the case of Young v. Young, 82 Pa. Superior Ct. 492. We do not think, however, that that case rules the present. The facts there were that the husband, the libellant, abandoned his home and the wife remained there. His leaving he ascribed to a culmination of a series of unpleasantness in my life. This court then held that as long as the wife remained at the habitation and kept the domicile flag flying, she

was not subject to the charge of desertion whatever other adequate provocation she may have given to her husband to sustain the libel in divorce; that the husband had a specific remedy provided by law for cruelty on the part of his wife or from her conduct amounting to indignities to the person and to these provisions of the divorce law he must appeal if he would have relief. In the present case the wife left the joint home under dire compulsion. It was to escape a present evil. It was in no sense of the word a desertion by her. Toogood v. Toogood, 92 Pa. Superior Ct. 603. He could not obtain a divorce from her on account of her absenting herself from what, in law, was still their common habitation. When under these circumstances, she not having deserted him, he destroyed their common home by abandoning it and removing the furniture, he initiated a desertion for which, if persisted in, she could obtain a divorce. He could not prevent the running of the period of absence, provided by law, by destroying the home, and his desertion was continued as long as he would not offer in good faith to resume relations with her, or afford her a place in which they could live together. We think the wife has proved the fact alleged in her libel that he wilfully, maliciously and without reasonable cause, deserted the libellant and absented himself from their habitation.

The order of the lower court dismissing the libel is reversed and the record is remitted with instructions to the lower court to enter a decree of divorce. Appellee to pay the costs.