Wagner *v.* Wagner, Appellant.

Argued December 10, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*E. Leroy van Roden,* with him *Walter W. Hess* and *Charles H. Heidmann,* for appellant.

*Arnold M. Blumberg,* of *Blumberg & Sork,* for appellee.

OPINION BY RHODES, J., February 28, 1936:
This action for divorce was instituted by the husband,

Herbert Gilbert Wagner, against his wife, Edna R. Wagner, upon the ground of desertion. The respondent filed her answer to the libel, denying the charge. The case was heard by a master, who held 23 hearings, and who recommended that a divorce be granted. Exceptions to the master's report were filed by the respondent; they were overruled by the court below; and a final decree was entered. Respondent appealed.

The only question raised is whether the evidence is sufficient to support the decree.

The libellant and the respondent were married on October 17, 1926. From the time of their marriage, until March 9, 1929, they continued to live at their respective homes. During this period they were both employed. On March 9, 1929, they rented a house at Orchard Road, Springfield, Delaware County, Pa., and went to housekeeping. They resided there until July 4, 1929, when, on account of illness, the respondent returned to her mother's home at Drexel Hill. On or about the 25th of July, 1929, she was taken to the hospital, where she remained until August 10, 1929. She returned to the home of her mother, and remained in bed, according to the attending doctor, about 6 days, and according to a boarder who lived at her mother's home, 3 or 4 days. The doctor testified that she was on the porch on August 16th. Libellant testified that, after her return from the hospital, he asked her to return to their home in Orchard Road, and that the first time he discussed the matter with her she told him she was not considering coming back. The second time he talked to her was on or about August 15th, the date of her alleged desertion, when she advised him that she did not intend to come back to him. The same thing occurred on August 27th. Respondent's mother, the libellant said, told him, at the same time, that he was to stay away from her house. According to his testimony, libellant did not again enter the home of

his mother-in-law, where his wife was staying, except on one occasion when he took respondent $100, at her demand, to pay her board. On September 11, 1929, libellant wrote respondent a letter, asking her to return. She replied stating that she did not want him to write to her again. But he subsequently wrote several letters in which he requested that she return to him. Prior to the middle of September, 1929, she took her clothes from their Orchard Road home to her mother's.

The libellant and the respondent met at times after her return from the hospital. On account of her refusal to return to the house which he had rented and furnished on Orchard Road, he gave it up on November 9, 1929. She took her belongings, and he removed some of the furniture to the home of his parents.

We do not deem it necessary to go into the many details of their marital affairs as set forth in the testimony. Much of the testimony, consisting of 800 pages, is plainly irrelevant and incompetent, and it should not have been permitted to encumber the record.

On the subsequent occasions when the respondent went out with the libellant, he testified that he gave her the opportunity to return and live with him. The testimony shows that she preferred to live with her mother. On August 16, 1930, the respondent wrote libellant a letter in which, among other things, she stated: "Won't you please stay away from me." This was a year after the alleged desertion, and is corroborative of libellant's contention. Her letter to libellant's parents, on August 26, 1929, also shows an absence of intent or desire upon her part to live with her husband.

"Desertion is an actual abandonment of matrimonial cohabitation, with an intent to desert, wilfully and maliciously persisted in, without cause, for two years. The guilty intent is manifested when, without cause or consent, either party withdraws from the residence of the other": Ingersoll v. Ingersoll, 49 Pa. 249, 251.

See, also, King v. King, 36 Pa. Superior Ct. 33; Mertz v. Mertz, 119 Pa. Superior Ct. 538, 180 A. 708.

A separation consented to or encouraged by the libellant is not desertion. Hill v. Hill, 96 Pa. Superior Ct. 410; Walsh v. Walsh, 117 Pa. Superior Ct. 579, 178 A. 399. An apparently wilful and malicious intent to desert may be rebutted by evidence that the separation was encouraged by the other party or was by mutual consent. Price v. Price, 83 Pa. Superior Ct. 446, 448.

In October, 1930, respondent conferred with an attorney, and her testimony relative to the purpose for which she conferred with him was most contradictory. We are of the opinion that the offer to live with the libellant, made by the respondent through her attorney on October 24, 1930, was not a bona fide offer, but was made for the purpose of attempting to negative the declaration in her letter of August 16, 1930, to the effect that she did not even want to see him. We find nothing in her testimony or in her correspondence that shows an offer to return made in good faith. Her primary interest, the correspondence discloses, was in obtaining financial support. She subsequently had him arrested for nonsupport and brought before the courts of Delaware County. Libellant moved to Philadelphia, on September 29, 1932, where he was employed. He there instituted his action in divorce on February 24, 1933. He had previously instituted an action in divorce in Delaware County, which had been discontinued.

The libellant is corroborated by the letters of the respondent, and her attorney's letter was written, we believe, for the obvious purpose of making an offer to return within the two-year period. Respondent's conduct, both before and subsequently, shows there was no sincerity in this offer. See Alexander v. Alexander, 100 Pa. Superior Ct. 566, 570. In the case of Neagley v. Neagley, 59 Pa. Superior Ct. 565, 571, quoting from

1 Bishop on Marriage, Divorce, and Separation (1891), § 1774, it was stated: "A method of breaking the desertion is by an offer to return. To be effectual, it must be made, not for the simple purpose of defeating a legal right, but *in good faith,* with the intention of carrying it out in its spirit if accepted. Such an offer, tendered thus *sincerely* before the statutory period has elapsed, will put an end to the desertion, and bar the suit." (Italics ours.)

Respondent's allegation that their marital relationship continued after August 15, 1929, was denied by the libellant, who stated that there had been no such relationship with the respondent subsequent to June, 1929. Respondent's attempted corroboration not only failed, but was discredited.

We are of the opinion that the evidence does not disclose a reasonable ground for the respondent's not returning to their home within a week or ten days after her return from the hospital. Within a week she was able to be around, and within a short time thereafter she was capable of taking long walks. A year later she still wanted nothing to do with the libellant, as her own letter of August 16, 1930, plainly states.

Respondent's repeated refusals, without reasonable cause or legal justification, to return to their home, when she was requested by the libellant and when she was able to do so, constituted a wilful and malicious desertion on her part. Thereafter it was her duty to seek a reconciliation and make the offer in good faith to return and resume marital relations with the libellant. Ward v. Ward, 117 Pa. Superior Ct. 125, 177 A. 515. We do not find that respondent ever complied with this requirement.

This case having been heard before a master, we have considered all the evidence and have reached the independent conclusion that the decree should be affirmed. Mertz v. Mertz, supra.

418

Our judgment concurs with that of the master and the court below, and we are of the opinion that the libellant has met the burden of proof required, and shown a wilful and malicious desertion, without a reasonable cause, for and during the term and space of two years, on the part of the respondent.

Decree is affirmed.