LOUISE B. RICE v. ROBERT R. RICE.

(*April* 30, 1951.)

CAREY, J., sitting.

*Herman C. Brown* for plaintiff.

The defendant was not represented.

Superior Court for Kent County, No. 21, Civil Action, 1951.

CAREY, J.:

The evidence presented on behalf of the plaintiff satisfactorily showed that the parties were married in 1935 and thereafter lived in Sharon Hill, Pennsylvania, until the separation on November 27, 1948; that the wife left their common abode at that time because of threats by the husband to inflict bodily harm upon her unless she did leave; that she departed against her will under a justifiable fear of serious physical injury; that she immediately came to Dover where she has resided ever since; that the husband still lives in Pennsylvania; that the parties have not resumed marital relations, nor has the husband offered or attempted to effect a reconciliation. Notwithstanding this uncontradicted proof of what is commonly called "constructive desertion", decision was reserved because of a jurisdictional question heretofore decided in *Kelley v. Kelley*, 4 *Terry* 408, 48 *A.* 2d 381.

 Jurisdiction in the present case is claimed to exist under subparagraph (b) of section 3507, *Revised Code of Delaware* 1935. The section is applicable only to instances where a defendant cannot be served personally within the State but is served by "publication" in accordance with Code Section 3506, as amended, 43 *Del. Laws, c.* 205. Under the subparagraph mentioned, this Court acquires jurisdiction under these conditions:

"(b) When, since the cause of action arose, the plaintiff has become, and for at least two years next preceding the commencement of the action has continued to be, a bona fide resident of this State: Provided that the cause of action alleged was recognized in the jurisdiction in which the plaintiff resided at the time the cause of action arose as a ground for the same relief asked for in the action in this State."

The question now before the Court is whether the present cause of action would be recognized in Pennsylvania as a ground for divorce. This same question was answered negatively in *Kelley v. Kelley, supra,* wherein the Court reviewed many Pennsylvania cases and arrived at the conclusion that Pennsylvania did not recognize "constructive desertion" as a ground for absolute divorce. Decision of the point was clearly difficult because the cases were not in harmony. There was no reported case decided by the Supreme Court of that State, and Judge Speakman was obliged to rely upon the latest ruling of the Pennsylvania Superior Court which was *Young v. Young,* 82 *Pa. Super.* 492. The Kelley opinion was handed down on August 8, 1946; obviously Judge Speakman was not aware of the case of *Reiter v. Reiter,* 159 *Pa. Super.* 344, 48 *A.* 2d 66, which had been decided late in July, 1946. Had he known of it, unquestionably his ruling would have been entirely different.

In *Reiter v. Reiter,* the matter seems to have been settled as definitely as the Superior Court of Pennsylvania could settle it. Judge Arnold pointed out that, if the term "constructive desertion" means an enlargement of the statutory grounds for divorce by judicial construction, it does not exist in Pennsylvania. On the other hand, if it is a description of a particular factual type of desertion defined by the statute, it may exist. He then pointed out these three types of situations which would justify the granting of a divorce on the ground of desertion: (1) where a husband purposely locks out or bars his wife from the common habitation, wilfully and maliciously, and without

reasonable cause; (2) where a husband physically ejects his wife from the common home; (3) where a husband threatens to inflict bodily harm on his wife unless she leaves, and she does leave against her will and because of a justifiable fear of personal injury. These three situations are included in the category of what Delaware authorities speak of as "constructive desertion" or "desertion by operation of law". Our statute uses neither term but our Courts have recognized that such occurrences as Judge .Arnold mentioned constitute an actual desertion by the husband just as if he had unjustifiably departed from the common abode. *Harrington v. Harrington,* 8 *W. W. Harr.* 156, 189 *A.* 585.

 The Reiter case has been followed and the conclusions thereof reiterated by the Superior Court of Pennsylvania in *Heimovitz v. Heimovitz,* 161 *Pa. Super.* 522, 55 *A.* 2d 575. As to this particular point, therefore, it is now clear that the cause of action here shown to exist is one which is recognized in that state as a ground for absolute divorce, according to the most recent decisional law. The determination of the Pennsylvania law as announced in *Kelley v. Kelley, supra,* has proved to be incorrect as applied to the present factual situation and should no longer be followed. Jurisdiction over the present case exists by virtue of the provisions of Code Section 3507 (b).

A decree nisi will be entered.