## Zorn *v.* Zorn, Appellant.

320

Argued April 28, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Clyde P. Bailey,* with him *Weller, Wicks & Wallace,* for appellant.

*Harry S. Kalson,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 27, 1955:

This appeal is from an order by the Superior Court, two Judges dissenting, directing the lower court to enter a decree of absolute divorce. Defendant, the wife, was charged with constructive desertion. The master recommended a divorce. The Court of Common Pleas rejected this recommendation and dismissed the complaint. The Superior Court reversed.

Judge GUNTHER, in the majority opinion of the Superior Court, accurately states the facts: "Plaintiff testified that on March 18, 1948, he came home very

late from a business appointment and became engaged in a quarrel with his wife; that she ordered him to leave the house and threw his clothes at him; that she was 'backed up' by several of their adult sons; that he thereupon left the house; and that he made several later offers to return, but was refused by defendant. Plaintiff's witness, who had known both parties for years and who had lived in their home, testified that in 1951 and again in 1952 the defendant told him that plaintiff offered to return to her but she didn't want him back."

In the court of common pleas the opinion writer states with considerable force: ". . . the evidence to us seems strongly and abundantly in favor of the Defendant. . . ." It is, of course, true that in divorce litigation courts are not bound by conclusions of a master as to credibility: *Oliver v. Oliver*, 172 Pa. Superior Ct. 600, 94 A. 2d 124, and cases therein cited. While the court of common pleas concluded not to disturb the findings of fact, it reversed upon the ground that the plaintiff's evidence did not support a decree of divorce on the ground of desertion. With this we agree.

Judge ARNOLD (now Mr. Justice ARNOLD of this Court) in *Reiter v. Reiter*, 159 Pa. Superior Ct. 344, 48 A. 2d 66, speaking for a unanimous court, decided that where a spouse is wilfully and maliciously put out by force or justifiable fear of immediate bodily harm, or is locked out against his or her will, and without his or her consent, and such conduct is without reasonable cause, and persisted in for two years, there is a desertion in the words of the statute. He said (p. 348):

"The Divorce Law of 1929 (23 P.S. §1 et seq.) defines the causes for divorce, and in subsection (d) of §10 provides: '(d) [Where the other spouse] shall have committed wilful and malicious desertion,

and absence from the habitation of the injured and innocent spouse, without a reasonable cause, for and during the term and space of two years.'

"(1). Where a husband purposely locks out, or bars, his wife from the common habitation, her habitation is no longer his home, but is the street or the place to which she goes, and the husband has deserted *her* and absented himself from *her* habitation which he forced her to obtain by destroying for her the common abode. If wilful and malicious, and without reasonable cause, and persisted in for two years, it is a desertion in the words of the statute.

"(2). So, too, where a husband physically ejects his wife from the common home.

"(3). So, also, where a husband threatens immediately to inflict bodily harm on his wife unless she leaves, and she departs against her will and because of a justifiable fear of physical injury.

"These are rules for guidance and must not be read as an act of assembly or a contract. They are neither invariable, exclusive nor without exception. They are, of course, as applicable to the acts of the wife as they are to those of the husband. They are formulated from such cases as Howe v. Howe, 16 Pa. Superior Ct. 193, 198, in which the Court said: 'When the wife is obliged by the cruelty or violence of her husband to leave him for safety and to avoid personal injury, her compulsory flight amounts to desertion by him'; Krebs v. Krebs, 109 Pa. Superior Ct. 175, 167 A. 249 (distinguishing Young v. Young, 82 Pa. Superior Ct. 492); and the carefully considered opinions of Judge REESE and Judge SHEELY respectively, in Barnes v. Barnes, 21 D. & C. 101; Pierce v. Pierce, 36 D. & C. 420." He also said, which is of peculiar application here (p. 349): "In the type of desertion now discussed the libellant must be wilfully and maliciously put out by

force or justifiable fear of immediate bodily harm, or locked out against the will, and without the consent, of the innocent spouse." In *Heimovitz v. Heimovitz*, 161 Pa. Superior Ct. 522, 55 A. 2d 575, the wife evicted the husband and effectively locked him out and thereby accomplished a wilful and malicious exclusion from the domicil. The opinion cited with approval *Reiter v. Reiter*, supra, and quoted extensively from that opinion. In *Scanga v. Scanga*, 167 Pa. Superior Ct. 133, 74 A. 2d 723, a husband sought a divorce on the ground of desertion because his wife left his bed and slept in another room with her daughter, after which the husband left home and never returned. The Superior Court, in ruling that there was no desertion, cited with approval (p. 136) the decisions in *Reiter v. Reiter* and *Heimovitz v. Heimovitz* that complainant " '. . . *must be wilfully and maliciously put out [of the home] by force or justifiable fear of immediate bodily harm, or locked out against the will, and without the consent, of the innocent spouse.*' " See also Freedman, Marriage and Divorce, section 243.

We agree with the learned court below, and with the Judges who dissented in the Superior Court, that plaintiff was not an innocent spouse, and that the conduct of defendant and her sons did not constitute a forcible eviction of plaintiff from the home, nor did it put plaintiff in justifiable fear of immediate bodily harm or of his being locked out against his will and without his consent.

The order of the Superior Court is reversed, the order of the Court of Common Pleas is reinstated, and the complaint in divorce is dismissed at the cost of plaintiff.

Mr. Justice MUSMANNO dissents.