ADELHEIDE H. LIVANI, Plaintiff, v. MICHAEL P. LIVANI, Defendant.

[ED. NOTE.—See publication *Words and Phrases*, for other judicial constructions and definitions of "Constructive Desertion".]

*(November* 3, 1958.)

STIFTEL, J., sitting.

*Joseph H. Flanzer* for plaintiff.

*Oliver V. Suddard* for defendant.

Superior Court for New Castle County, No. 1263, Civil Action, 1957.

STIFTEL, J.:

This divorce action was brought on the ground of constructive desertion. The action was contested by defendant's attorney; the defendant did not attend the hearing, and no witnesses for defendant were in court.

The evidence presented by plaintiff showed that the parties were married on September 15, 1948, in Bavaria, Germany, where the defendant was a member of the United States armed forces. They later made Wilkes Barre, Pennsylvania, their marital domicile, and for many years prior to September 15, 1953, when defendant was transferred to Labrador, she was beaten, bruised and threatened by an intermittently drunken husband whenever he came home on pass or furlough. Eight months after the defendant was transferred to Labrador, plaintiff left her home in Wilkes Barre and settled in Wilmington, Delaware. The parties have not lived as husband and wife since September 15, 1953, the date defendant was transferred to Labrador. Plaintiff saw defendant on only one occasion after the separation. They met in Wilmington during 1954 and at this time, defendant further threatened her.

 Jurisdiction exists by reason of Title 13, *Delaware Code*, Section 1527(2), which provides:

"(2) When, since the cause of action arose, plaintiff has become, and for at least two years next preceding the commencement of the action has continued to be, a bona fide resident of this state; if the cause of action alleged was recognized in the jurisdiction in which the plaintiff resided at the time the cause of action arose, as a ground for the same relief asked for in the action in this State."

This section is applicable where a defendant cannot be served personally within the State but is served by publication in accordance with Title 13, *Delaware Code*, Section 1526.

 There is little doubt that if the marital domicile had been Delaware at the time the plaintiff left the home, that she would be entitled to a divorce on the ground of desertion by

construction of law, commonly known as "constructive desertion". The question here, however, is whether the present cause of action would be recognized in Pennsylvania as a ground for divorce. This same question was answered negatively in *Kelley v. Kelley*, 4 *Terry* 408, 48 *A.* 2d 381. The Kelley case was greatly modified in *Rice v. Rice*, 7 *Terry* 175, 81 *A.* 2d 298, 299. In the latter case, the Court pointed out three types of situations which would justify the granting of a divorce on the ground of desertion in Pennsylvania. They are: "(1) where a husband purposely locks out or bars his wife from the common habitation, wilfully and maliciously, and without reasonable cause; (2) where a husband physically ejects his wife from the common home; (3) where a husband threatens to inflict bodily harm on his wife unless she leaves, and she does leave against her will and because of a justifiable fear of personal injury."

The *Rice* case is based on the decision of *Reiter v. Reiter*, 159 *Pa. Super.* 344, 48 *A.* 2d 66. The doctrine of the *Reiter* case was reiterated in *Heimovitz v. Heimovitz*, 161 *Pa. Super.* 522, 55 *A.* 2d 575, and more recently by the Supreme Court of Pennsylvania in *Zorn v. Zorn*, 382 Pa. 319, 114 A. 2d 907.

Unquestionably, there has been a great deal of uncertainty in the law in Pennsylvania as to "constructive desertion", *Penman v. Penman*, 57 *Pa. Dist. & Co.* 217, even after the *Reiter* decision. See Annotation: 19 *A. L. R.* 2d 1428, 1438-1440. This uncertainty has not been eliminated by the *Zorn* case, where the facts indicate that the plaintiff husband returned home late from a business appointment and became engaged in a quarrel with his wife, who thereupon told him to get out of the house, threw his clothes at him, and she was backed up in her effort by several of her adult sons. The wife also refused reconciliation for over two years. The Supreme Court in reversing the Court below, *Zorn v. Zorn*, 177 *Pa. Super.* 219, 110 *A.* 2d 860, quoted the *Reiter* rules and concluded that the conduct of the wife and her sons did not constitute a forcible eviction of plaintiff from the home, nor did it put him in justifiable fear of im-

mediate bodily harm or of his being locked out against his will and without his consent.

In *Young v. Young,* 82 *Pa. Super.* 492, the husband left home, where his wife remained, because of the alleged cruel conduct of his wife. He then sued his wife for divorce on the ground of desertion. The Court stated (at page 496):

"We cannot regard evidence of cruelty or indignities practiced by the wife as sufficient to establish a desertion of her husband by her. The law provides a specific remedy for a husband injured by the cruelty of his wife or by her conduct amounting to indignities to his person, and to this the injured party must appeal if he would have relief. It cannot be said with legal accuracy where a wife's conduct has become so intolerable to her husband that he finds it advisable or necessary to take up another habitation, and where his wife remains in the home which they have jointly occupied through a period of years, that his wife has wilfully and maliciously absented herself from the habitation of her husband."

See, too, *Krebs v. Krebs,* 109 *Pa. Super.* 175, 167 *A.* 249, and *Freedman, On Marriage and Divorce in Pennsylvania,* (2d Ed.), Section 234.

In the instant case, Mr. Livani lived with his wife until September 15, 1953, when he was transferred to Labrador. She left the marital home in Wilkes Barre on May 1, 1954, while her husband was still out of the country. The wife claims that the wilful desertion from the marital home in Pennsylvania began on May 1, 1954. Regardless of when the cause is alleged to have arisen in Pennsylvania, it is clear from the complaint and the evidence that Mrs. Livani was not wilfully and maliciously put out of the home by force and justifiable fear of immediate bodily harm, or locked out by her husband against her will, and without her consent, as is required under Pennsylvania law.

I conclude that this case does not come within the rules set forth in *Reiter v. Reiter, supra,* and as adopted by the Supreme Court of Pennsylvania in *Zorn v. Zorn, supra,* and decide that

Mr. Livani would not be guilty of desertion in Pennsylvania and therefore plaintiff is not entitled to a divorce under Title 13, *Delaware Code*, Section 1527(2).

Divorce denied.