**Smith v. Smith**

*Edward M. Murphy,* for plaintiff.

*Morris B. Gelb* and *James J. Powell,* for defendant.

EAGEN, J., December 31, 1958.—Plaintiff husband seeks an absolute divorce from defendant wife on the grounds of willful desertion.

The parties were married on December 30, 1931. Shortly thereafter, they took up their residence in the first floor apartment of a duplex residence building owned by defendant's mother. The latter lived in the apartment with them with the consent of all concerned.

In April 1951, a final and complete separation occurred when defendant's wife and her mother ordered plaintiff from premises.

This action was completely justified. Several separations had previously occurred and each and every one was due to the inexcusable conduct of plaintiff. Over a period of years he drank intoxicants continuously and to excess and subjected his wife to embarrassment and abuse. His violence, cruelty, continued intoxication and her fear of personal injury forced the wife to refuse further cohabitation. These incidents are clearly sustained by the evidence and need not be outlined here.

Up to this point, this case presents no difficult problem for decision. The difficulties arise in evaluating the circumstances and attitudes of the parties in recent months.

Plaintiff contends that he has since completely changed his way of living and is now and has been ready for many past months to establish a suitable

home for himself and his wife and regardless of these facts, she refuses to live with him.

Undoubtedly, defendant presently refuses to live and cohabit with her husband and will continue in that refusal as long as she lives. This unquestionably has been her attitude since the final separation in April 1951. Does this, under all of the circumstances, amount to willful desertion? We think not.

As pointed out previously, plaintiff's conduct was definitely responsible for the trouble right from the beginning. He was anything but a good husband. The wife's conclusion that their married life together was over was reasonable.

Despite this, if the husband subsequently changed his manner of living and made an honest effort towards reconciliation and to do the right thing as a husband, his wife would be legally obliged to reconsider and cooperate to the fullest. If she refused, she would be guilty of willful desertion from that point on. His prior conduct would not justify her in refusing to live with him as husband and wife forever: Greer v. Greer, 178 Pa. Superior Ct. 643.

However, the wife would not be guilty of willful desertion from the date of the original separation, because she refused to live with him due to circumstances beyond her control and for which he was completely to blame: Howe v. Howe, 16 Pa. Superior Ct. 193; Krebs v. Krebs, 109 Pa. Superior Ct. 175.

In other words, what was a justifiable separation as far as the wife was concerned could possibly turn into a case of willful desertion.

The decision in this case, therefore, hinges upon the question of whether or not plaintiff husband made an honest and bona fide effort to reconcile the existing difficulties in the parties' married life: Cowher v. Cowher, 172 Pa. Superior Ct. 98. Since he was to blame

up to this point, it was his responsibility to carry the ball, so to speak, in rectifying the situation.

We definitely conclude that his effort was insincere and not made in good faith.

After the separation in 1951, defendant continued to support herself until January 1956, when she caused his arrest for nonsupport and desertion. Up to this time, plaintiff made not an iota of honest effort to fulfill his responsibilities.

Approximately one month after he was ordered by this court to pay a sum of money each month to help support his wife, he writes her a letter suggesting that they resume cohabitation. Approximately two years later this action was instituted.

We do not think this offer of reconciliation was made in good faith, but was rather an attempt to rid himself of the support order entered against him.

Hence the divorce was refused.